MARSHALLTOWN STONE CO. v. LOUIS DRACH CONST. CO. et al.

(Circuit Court, S. D. Iowa, C. D.   June 11, 1903.)

1. BOND—ACTION FOR BREACH—LIMITATION BY TERMS OF CONTRACT.

A provision of a bond given to secure the performance of a contract that any action thereon must be brought within six months after the breach of the contract is a reasonable one, and constitutes a complete defense by the surety to an action brought against it thereon more than six months after the alleged breach of the contract.

2. SAME.

An action for breach of a contract brought against a party to the contract and the surety on a bond given by him to secure its performance, as to the principal defendant, is in fact based on the contract, to which the bond is merely an incident, and a limitation contained in the bond as to the time within which an action thereon must be brought is not available to him as a defense.

3. LIMITATIONS—TIME OF COMMENCEMENT OF ACTION—EFFECT OF AMENDMENT OF PETITION.

The filing of an amended and substituted petition merely to supply omissions in the original petition, and to state the cause of action with more certainty, does not constitute the commencement of a new action for the purpose of a defense of limitation.

¶ 3. See Limitation of Actions, vol. 33, Cent. Dig. §§ 543, 544.

At Law.   On demurrer to petition.

R. A. Schular, for plaintiff.
J. M. Parker, for defendants.

McPHERSON, District Judge.  From the first count of the amended and substituted petition the following facts appear:  January 30, 1901, the plaintiff and Chicago & Great Western Railway Company entered into a written contract.  The contract was to be in force for three years.  The plaintiff was to furnish crushed stone on board cars at plaintiff's quarry, and was to furnish 250 yards each working day, and a total of 44,000 yards between April 15th and November 1st of each year during the life of the contract.  The rock ballast thus furnished was to be not larger than two inches, nor less than three-quarters of an inch, in diameter.  The railway company was also to take all of the screenings.  The ballast was to be paid for at the rate of 55 cents per yard, and the screenings at 20 cents per yard.  The railroad was to make payments monthly.  The plaintiff was to furnish the railway company a bond in the sum of $5,000 conditioned for the faithful performance of the contract.  The petition further alleges that March 14, 1901, the plaintiff and defendant construction company entered into a written contract by which the plaintiff leased to the construction company the quarry in question located on the line of said railroad company.  Plaintiff was to erect the crushing plant.  The contract between plaintiff and the railroad company was made a part of this later contract, and the plant to be erected by plaintiff was to be of such capacity as to enable the contract with the railroad company to be carried out.  The defendant company was to carry out for plaintiff the said railroad contract, and the defendant was to have the same price of 20 cents per yard for the screenings, but only 44 cents per yard for the ballast or the other crushed stone.  The defendant company was to give plaintiff a bond properly conditioned for the faithful performance of this contract in the sum of $20,000, which bond was signed by the defendant trust company.

The petition is in three counts.  The first count, after setting out the foregoing facts, alleges that during the year 1901 the defendant construction company only furnished the railroad company 6,997 yards of crushed rock, being 37,003 yards less than the amount required to be delivered to the railroad company, at a damage to plaintiff of 11 cents per yard, aggregating about $4,000, for which the plaintiff claims damages.  The bond given by the defendant trust company, among other things, provided that it should be notified by writing immediately after the occurrence of any act for which it should be responsible, and then recited: "Provided, further, that any suits at law or proceedings in equity brought on this bond to recover any claim hereunder must be instituted within six months after the first breach of said contract." The defendants have demurred to this count of the petition on the ground that the action was not brought within six months from the time the said cause of action accrued.

As to the defendant trust company, in my judgment the demurrer should be sustained. Express Company v. Caldwell, 21 Wall. 264, 22 L. Ed. 556. Also see many cases cited, following the case just cited in volume 8 of Rose's Notes, pp. 420–424.

In the case at bar the period of six months in which the action could be brought is twice the period of time given in the contract covered by the Caldwell Case. And the 90 days of time covered by the contract in the Caldwell Case was held to be a reasonable time. It seems to me that this provision in the bond in suit is just and reasonable. An insurance company has the right to contract that it shall be promptly advised of all claims for losses, and that an action therefor shall be brought within a reasonable time after the damages accrue. A surety is a favorite in the law, and is not only protected by the law, but has the right to still further protect itself by contract, and particularly so if such contract be reasonable in its terms. In this case by the bond the surety not only had the rights of subrogation given it by law, but it had additional rights of subrogation over and above those given it by law. The contract period for the year 1901 expired on the 1st day of November of that year, and this suit was not brought until the 14th day of June, 1902, nearly eight months after the cause of action accrued. No showing is made, if one would be allowable, for this delay. The demurrer of the defendant trust company to the first count of the petition, for the reasons given, will be sustained.

This action is brought, as above stated, on a written contract. The contract provided that a bond shall be given, and the suit is brought thereon. But the suit is not brought against the construction company on account of the bond, and as to the construction company the bond is surplusage. While the trust company has a complete defense because of the limitation of time for bringing the suit, I am unable to see why that should avail the defendant construction company. The demurrer of the construction company is overruled.

The second count of the petition repleads all of the allegations of the first count, excepting as to the damages, and then alleges that April 15, 1902, and every day thereafter, the construction company failed and refused to operate its said quarry, and on April 24, 1902, the railroad company declared said contract at an end, on account of the failure of the construction company to perform its said contract. For that year 88,000 yards of crushed stone was to be furnished. The same not being furnished according to contract, plaintiff was damaged in the sum of $9,680.

Defendants demur to this count of the petition for the same reason as they demurred to the first count; and they seek to make the point that the action was not brought within six months from April 15, 1902, because on December 5, 1902, the plaintiff filed an amended and substituted petition. The defendants insist that this amended and substituted petition was the bringing of a new action. But from the original petition it will be seen that plaintiff makes complaint of the grievances as in its amended and substituted petition. The occasion for filing the amended and substituted petition was to correct some omissions in the exhibits, and with more certainty state

the cause of action.   This being so, the action should be regarded as commenced when the original notice therefor was given to the sheriff for service.   The demurrer of both defendants will be overruled.

There is a third count in the petition which states certain matters with reference to the rock that was to be or that might have been furnished to other parties than the railroad company.   This alleged cause of action was not set out in the original petition, and was first made known in this court by the amended and substituted petition filed in December, 1902, and was not pleaded at all in the state court. For the reasons above given, the trust company cannot be held liable as to any of the matters pleaded in the third count.

But, aside from this, the demurrer of both defendants to the third count should be sustained.   There is no obligation, but only a permission to do a commercial business.   There is no showing made as to this of any violation to the contract, and the plaintiff does not make any showing to enable it to recover damages as to any of the matters or things set forth in the third count against either the trust company or the construction company.